UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NAJARIAN HOLDINGS LLC, et al.,

    Plaintiffs,

    v.

COREVEST AMERICAN FINANCE LENDER LLC,

    Defendant.

Case No. 20-cv-00799-PJH

**ORDER DENYING MOTION TO CLARIFY**

Re: Dkt. No. 40

On July 9, 2020, the court issued an order granting in part and denying in part defendant's motion to dismiss. Dkt. 38. As permitted by the court's order, plaintiffs Najarian Holdings LLC and Najarian Capital LLC filed a third amended complaint. Dkt. 39. They also filed the present motion styled as a motion to clarify and, in the alternative, reconsider the court's prior order. Dkt. 40. Defendant filed a response in opposition.[1]

As relevant to this motion, in its order, the court granted defendant's motion to dismiss plaintiffs' fifth cause of action for violation of California's Unfair Competition Law ("UCL") because plaintiffs sought damages, which are not permitted under the UCL. Dkt. 38 at 17. The court also noted that if plaintiffs intended to seek restitution, a remedy permitted under the UCL, then they would "need to allege specific money or property that defendant acquired from plaintiffs . . . ." Id. Plaintiffs' motion states that they think the third amended complaint meets the prior order's requirements but they "are unsure

---

[1] Defendant raises several objections to plaintiffs' motion including failure to comply with Civil Local Rules 7-9 and 7-2, delay in filing the motion, and rearguing their prior motion. Dkt. 43.

whether the Court intended to rule that the Plaintiffs must do more than simply allege that defendant acquired specific money or property from Plaintiffs in order to cure the UCL pleading deficiencies." Dkt. 40 at 2. Plaintiffs go on to state that that they are seeking clarification whether the court meant that even if plaintiff plead that defendant acquired specific money or property from plaintiffs that they may not continue to assert their claims under the UCL because only compensatory damages appear to be the appropriate relief. Id. at 3.

"Neither the Federal Rules of Civil Procedure nor the Civil Local Rules provide for a motion for clarification." Lou v. Ma Labs., Inc., No. 12-CV-05409 WHA NC, 2013 WL 1615785, at *1 (N.D. Cal. Apr. 15, 2013) (citing United States v. Philip Morris USA Inc., 793 F. Supp. 2d 164, 168 (D.D.C. 2011)). "A number of courts have interpreted a 'motion for clarification' after the issuance of an order as a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60." Id. (collecting cases).

Here, plaintiffs have filed their amended complaint and no motion challenging the pleadings is currently pending. Though they style their motion as a motion for clarification (or perhaps requesting reconsideration or relief from judgment), plaintiffs are essentially asking for an advisory opinion on the plausibility of their amended UCL claim. "No justiciable 'controversy' exists when parties ask for an advisory opinion." Bhambra v. Ampco Sys. Parking, No. C 08-05326 CRB, 2009 WL 10694587, at *7 (N.D. Cal. June 10, 2009) (citing Rhoades v. Avon Prods., Inc., 504 F.3d 1151, 1157 (9th Cir. 2007)). If defendant challenges the plausibility of such a claim, then the court will issue an opinion in due course. Until that time, the court will not opine on the plausibility of plaintiffs' claim.

For the foregoing reasons, the court DENIES plaintiffs' motion for clarification.

**IT IS SO ORDERED.**

Dated: August 6, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge

2