United States District Court
Northern District of California

1

2

3

4          UNITED STATES DISTRICT COURT

5          NORTHERN DISTRICT OF CALIFORNIA

6

7    NAJARIAN HOLDINGS LLC, et al.,
                                              Case No.  20-cv-00799-PJH
8              Plaintiffs,

9         v.                                  **ORDER GRANTING MOTION TO
                                              DISMISS AND DENYING MOTIONS
10   COREVEST AMERICAN FINANCE                TO STRIKE**
     LENDER LLC,
11                                            Re: Dkt. Nos. 45, 50
               Defendant.
12

13

14         Before the court is defendant Corevest American Finance Lender LLC's[1]

15   ("Corevest" or "defendant") motion to dismiss and motion to strike.  Also before the court

16   is plaintiffs' motion to strike.  The matters are fully briefed and suitable for resolution

17   without oral argument.  Having read the papers filed by the parties and carefully

18   considered their arguments and the relevant legal authority, and good cause appearing,

19   the court rules as follows.

20                              **BACKGROUND**

21         On February 3, 2020, plaintiffs Najarian Holdings LLC and Najarian Capital LLC

22   (collectively "Najarian" or "plaintiffs") filed a complaint alleging five causes of action.  Dkt.

23   1.  The parties stipulated to plaintiffs filing both an amended complaint (Dkt. 19) and a

24   second amended complaint, (Dkt. 22).  On July 9, 2020, the court granted in part and

25   denied in part defendant's motion to dismiss, (Dkt. 38), and plaintiffs have filed a Third

26

27   _____

28   [1] The complaint originally named CAF Lending LLC as defendant.  Pursuant to a
     stipulation between the parties, Corevest was substituted as the named defendant as it is
     the successor in interest to CAF Lending LLC. See Dkt. 37.

United States District Court
Northern District of California

1    Amended Complaint, ("TAC," Dkt. 39).

2          The TAC alleges five causes of action: (1) breach of contract; (2) breach of the

3    covenant of good faith and fair dealing; (3) fraud; (4) negligent misrepresentation; and

4    (5) unfair competition.  The court previously dismissed with prejudice portions of the

5    second claim and dismissed the remaining claims with leave to amend.  Defendant now

6    moves to dismiss the third through fifth claims pursuant to Federal Rule of Civil

7    Procedure 12(b)(6) and moves to strike certain allegations pursuant to Rule 12(f).  Dkt.

8    45.  In response, plaintiffs move to strike portions of defendant's motion to dismiss.  Dkt.

9    50.

10          Najarian Holdings LLC and Najarian Capital LLC are Georgia limited liability

11    companies with their principal place of business in Atlanta, Georgia.  TAC ¶ 2.  The

12    defendant at the time of the incident, CAF Lending LLC, was a Delaware limited liability

13    company with a principal place of business in New York, New York.  Id. ¶ 3.  Plaintiffs are

14    in the business of purchasing residences at foreclosure sales and then reselling those

15    residences.  Id. ¶ 6.  Starting in 2014, defendant would loan money to plaintiffs and the

16    parties entered into revolving loan agreements and revolving promissory notes secured

17    by deeds of trust, which the parties collectively label as the "Loan Documents."  Id.

18          In the normal course of business, defendant would render invoices to plaintiffs in a

19    timely manner, which permitted plaintiffs to assess, challenge, and validate each invoice

20    within a fifteen-day grace period permitted under the promissory notes.  Id. ¶ 8.  Under

21    the terms of the Loan Documents, plaintiffs were obligated to pay outstanding sums due

22    on the first day of each month and, after the fifteen day grace period, defendant was

23    permitted to charge a default interest rate on the entire amount of loans that had matured

24    or otherwise come due in full.  Id. ¶ 7.  The agreements also permitted defendant to

25    collect a "late or collection charge, as liquidated damages, equal to ten percent (10%) of

26    the amount of such unpaid payment or deposit" that had become due.  Id.

27          The conduct at issue in the TAC arose in March 2016 when defendant allegedly

28    changed its billing practices to send invoices after the first of each month resulting in less

United States District Court
Northern District of California

1  time for plaintiffs to assess and challenge the invoices prior to the expiration of the grace

2  period.  Id. ¶ 8.  Due to defendant's practice of sending late invoices, plaintiffs frequently

3  made payments that defendant deemed late; in 2016 and early 2017, defendant

4  assessed, and plaintiffs paid, late fees in excess of $75,000.  Id. ¶ 9.  Defendant also

5  charged plaintiffs late fees calculated as a percentage of the outstanding principal

6  balance of loans that had matured.  Id. ¶ 10.  Plaintiffs characterize these late fees based

7  on matured amounts as illegal because they are void as a matter of public policy and

8  contrary to California Civil Code § 1671.  Id. ¶ 11.

9          On February 1, 2017, plaintiffs' managing member, Zareh Najarian, sent an email

10  to defendant's vice president, Stephanie Casper, complaining about $30,000 in late fees.

11  Id. ¶ 12.  The same day Casper responded that "the late fees cannot be waived.  As we

12  discussed on the phone, I can offer a rebate on the new line [of credit's] advance fees,

13  but I cannot waive [the late fees]."  Id.  On February 9, 2020, Casper sent a second email

14  to Najarian:

15          Zareh, When we spoke last week Wednesday I explained that
        there would be 5% late fee calculated on the principal balance
16          of the matured assets to the tune of $56,000 or so, over and
        above the late fees charged on interest late pays (Roughly
17          $14K in yet to be assessed via the payoff quotes).  As you will
        recall, we had encouraged you to execute the extension
18          agreement in December, this would have only cost you only
        [sic] $11K.  The late fees, per the loan agreement, are
19          calculated on any past due amounts, interest and/or principal.

20  Id. ¶ 13 (alteration in original).  Casper sent a third email a few weeks later stating "We

21  will do an extension for .5% for 30 days on the 4 assets.  This will prevent you from

22  having to pay 5% on the principal and interest saving you over $20,000!!"  Id. ¶ 14.

23  Plaintiffs characterize these emails from Casper as an attempt to coerce plaintiffs into

24  paying illegal fees with a promise to rebate some of the late fees if plaintiffs agreed to

25  sign a new line of credit agreement.  Id. ¶ 13.

26          Plaintiffs add allegations to the TAC that defendant is a market leader in financing

27  residential real estate investors, closing over $2.8 billion in loans on over 20,000

28  properties since defendant's inception in 2014 until mid-2017.  Id. ¶ 16.  Plaintiffs then

3

1    allege that defendant knew or should have known that the late fees it charged plaintiffs

2    were illegal and unenforceable penalties because, in part, defendant is a sophisticated

3    commercial lender.  Id. ¶ 17.  Plaintiffs allege that in each case in which late fees were

4    paid to defendant, the payment was made directly by a plaintiff entity to defendant's loan

5    servicing agent or from escrow on plaintiffs' behalf.  Id. ¶ 18.

6         Separate from the late fees, plaintiffs allege that defendant demanded that

7    plaintiffs pay a $250 release fee in exchange for defendant's releases of its security

8    interests in properties sold by plaintiffs.  Id. ¶ 19.  These release fees are not mentioned

9    in the Loan Documents.  Id.  When Najarian protested the imposition of the release fees,

10   Casper replied stating, "I will need to check with Asset Management, as they work and

11   manage the servicer.  I seem to recall, however, that the pricing is fixed on that line item."

12   Id. ¶ 21.  According to plaintiffs, defendant knew or should have known that it had no

13   contractual right to charge such a fee because it was a sophisticated real estate lender.

14   Id. ¶ 22.

15        Plaintiffs also allege that defendant provided them with payoff statements for

16   properties for which the loan was about to mature or had recently matured.  Id. ¶ 23.

17   Plaintiffs allege that the payoff statements materially misstated the amounts later invoiced

18   by defendant such that defendant would end up charging amounts substantially more

19   than the sums earlier communicated to plaintiffs.  Id.

**DISCUSSION**

21   **A.    Legal Standard**

22        **1.    Rule 12(b)(6)**

23        A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the

24   legal sufficiency of the claims alleged in the complaint.  Ileto v. Glock Inc., 349 F.3d 1191,

25   1199–1200 (9th Cir. 2003).  Under Federal Rule of Civil Procedure 8, which requires that

26   a complaint include a "short and plain statement of the claim showing that the pleader is

27   entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule

28   12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1   facts to support a cognizable legal theory.  Somers v. Apple, Inc., 729 F.3d 953, 959 (9th

2   Cir. 2013).

3          While the court is to accept as true all the factual allegations in the complaint,

4   legally conclusory statements, not supported by actual factual allegations, need not be

5   accepted.  Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).  The complaint must proffer

6   sufficient facts to state a claim for relief that is plausible on its face.  Bell Atl. Corp. v.

7   Twombly, 550 U.S. 544, 555, 558–59 (2007).

8          "A claim has facial plausibility when the plaintiff pleads factual content that allows

9   the court to draw the reasonable inference that the defendant is liable for the misconduct

10  alleged."  Iqbal, 556 U.S. at 678.  "[W]here the well-pleaded facts do not permit the court

11  to infer more than the mere possibility of misconduct, the complaint has alleged—but it

12  has not 'show[n]'—'that the pleader is entitled to relief.'"  Id. at 679 (quoting Fed. R. Civ.

13  P. 8(a)(2)).  Where dismissal is warranted, it is generally without prejudice, unless it is

14  clear the complaint cannot be saved by any amendment.  In re Daou Sys., Inc., 411 F.3d

15  1006, 1013 (9th Cir. 2005).

16         Review is generally limited to the contents of the complaint, although the court can

17  also consider documents "whose contents are alleged in a complaint and whose

18  authenticity no party questions, but which are not physically attached to the plaintiff's

19  pleading."  Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (quoting In re Silicon

20  Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999), superseded by statute on

21  other grounds as stated in In re Quality Sys., Inc. Sec. Litig., 865 F.3d 1130 (9th Cir.

22  2017)); see also Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007) ("[A] court can

23  consider a document on which the complaint relies if the document is central to the

24  plaintiff's claim, and no party questions the authenticity of the document." (citation

25  omitted)).  The court may also consider matters that are properly the subject of judicial

26  notice (Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001)), and exhibits

27  attached to the complaint (Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d

28  1542, 1555 n.19 (9th Cir. 1989)).

5

United States District Court
Northern District of California

1    For plaintiffs' claims that sound in fraud, the complaint must also meet the

2  heightened pleading standard of Federal Rule of Civil Procedure 9(b).  See Kearns v.

3  Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).  Rule 9(b) requires a party alleging

4  fraud or mistake to state with particularity the circumstances constituting fraud or mistake.

5  "To satisfy Rule 9(b)'s particularity requirement, the complaint must include an account of

6  the time, place, and specific content of the false representations as well as the identities

7  of the parties to the misrepresentations."  Depot, Inc. v. Caring for Montanans, Inc., 915

8  F.3d 643, 668 (9th Cir. 2019) (internal quotation marks omitted).  In other words,

9  "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of

10  the misconduct charged."  Kearns, 567 F.3d at 1124.  Plaintiffs must also offer "an

11  explanation as to why the statement or omission complained of was false or misleading."

12  In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), superseded

13  by statute on other grounds as stated in SEC v. Todd, 642 F.3d 1207, 1216 (9th Cir.

14  2011).

15       **2.     Rule 12(f)**

16       Federal Rule of Civil Procedure 12(f) provides that the court "may order stricken

17  from any pleading any insufficient defense or any redundant, immaterial, impertinent, or

18  scandalous matter."  Fed. R. Civ. P. 12(f).  "The function of a [Rule] 12(f) motion to strike

19  is to avoid the expenditure of time and money that must arise from litigating spurious

20  issues by dispensing with those issues prior to trial."  Whittlestone, Inc. v. Handi-Craft

21  Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524,

22  1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994)).

23       Motions to strike are not favored and "should not be granted unless it is clear that

24  the matter to be stricken could have no possible bearing on the subject matter of the

25  litigation."  Colaprico v. Sun Microsystem, Inc., 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)

26  (citing Naton v. Bank of Cal., 72 F.R.D. 550, 551 n.4 (N.D. Cal. 1976)).  When a court

27  considers a motion to strike, it "must view the pleadings in light most favorable to the

28  pleading party."  Uniloc v. Apple, Inc., No. 18-CV-00364-PJH, 2018 WL 1640267 (N.D.

1   Cal. Apr. 5, 2018) (quoting In re 2TheMart.com, Inc., Sec. Litig., 114 F. Supp. 2d 955,

2   965 (C.D. Cal. 2000)).  A court must deny the motion to strike if there is any doubt

3   whether the allegations in the pleadings might be at issue in the action.  In re

4   2theMart.com, 114 F. Supp. 2d at 965 (citing Fantasy, Inc., 984 F.2d at 1527).  However,

5   a motion to strike is proper when a defense is insufficient as a matter of law.  Chiron

6   Corp. v. Abbot Labs., 156 F.R.D. 219, 220 (N.D. Cal. 1994).

**B.   Analysis**

    **1.   Third Claim: Fraud**

Plaintiffs' third claim is for fraud.  TAC ¶ 31.  "The elements of a cause of action for

fraud in California are: '(a) misrepresentation (false representation, concealment, or

nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce

reliance; (d) justifiable reliance; and (e) resulting damage.'"  Kearns, 567 F.3d at 1126

(quoting Engalla v. Permanente Med. Grp., Inc., 15 Cal. 4th 951, 974 (1997)).

Defendant points out that this court's prior order determined that the economic

loss rule bars plaintiffs' fraud claim.  Mtn. at 7.  Defendant argues that plaintiffs have

simply repeated and realleged the same fraud claim in the TAC and other than replacing

"CAF" with "Defendant" the claim is identical.  Id.  According to defendant, plaintiffs still

have not alleged any fraudulent conduct independent of their breach of contract claim.

Id.  In response, plaintiffs advance no argument in support of their fraud claim, instead

arguing that they state a claim for negligent misrepresentation.  Opp. at 8.  Further, in

their separately filed motion to strike, plaintiffs concede that they cannot meet the

requirements of Rule 9(b) and seek leave to amend to remove their fraud claim.  Dkt. 50

at 7.

The court agrees with defendant.  In its prior order, the court determined that the

economic loss rule barred plaintiffs' fraud claim.  Dkt. 38 at 10–13.  The court dismissed

plaintiffs' claims with leave to amend.  Id. at 15.  Plaintiffs alleged no new factual

allegations with regard to fraud, (TAC ¶ 31), make no argument in their opposition

regarding fraud, and concede in their motion to strike that they cannot state a claim for

United States District Court
Northern District of California

1     fraud.  It is clear that further amendment would be futile.

2          For the foregoing reasons, defendant's motion to dismiss plaintiffs' third cause of

3     action for fraud is GRANTED and the claim is DISMISSED WITH PREJUDICE.

4          **2.     Fourth Claim: Negligent Misrepresentation**

5          Plaintiffs' fourth claim is for negligent misrepresentation.  TAC ¶ 33.  The elements

6     of negligent misrepresentation are (1) the misrepresentation of a past or existing material

7     fact; (2) without reasonable ground for believing it to be true; (3) with intent to induce

8     another's reliance on the fact misrepresented; (4) justifiable reliance on the

9     misrepresentation; and (5) resulting damage.  Apollo Cap. Fund, LLC v. Roth Cap.

10    Partners, LLC, 158 Cal. App. 4th 226, 243 (Ct. App. 2007).  "In contrast to fraud,

11    negligent misrepresentation does not require knowledge of falsity."  Id.  Instead, "[a]

12    person who makes false statements, honestly believing that they are true, may still be

13    liable for negligent misrepresentation if he or she has no reasonable grounds for such

14    belief."  Id. (quotations omitted).

15         Defendant acknowledges that the court's prior order did not find the economic loss

16    rule bars plaintiffs' negligent misrepresentation claim, but urges the court to apply the rule

17    to the negligent misrepresentation claim because the conduct alleged in support of the

18    negligent misrepresentation claim directly relates to the same conduct supporting the

19    breach of contract claim.  Mtn. at 8–9.  Alternatively, defendant argues that plaintiffs

20    cannot plead factual allegations sufficient to sustain their negligent misrepresentation

21    claim because they have not alleged any new statements made by defendant's

22    representative.  Id. at 12–13.  The new allegations in the TAC, according to defendant,

23    relate to a series of legal conclusions concerning both the late fee and release fee

24    provisions.  Id. at 13–15.  Finally, defendant argues that plaintiffs cannot plead reliance

25    on any misrepresentation because plaintiffs easily could have discovered the fees were

26    not due simply by reviewing the loan documents.  Id. at 16–17.

27         Plaintiffs argue that the Ninth Circuit has yet to determine whether Rule 9(b) or

28    Rule 8 applies to a negligent misrepresentation claim.  Opp. at 8.  Plaintiffs then assert

United States District Court
Northern District of California

8

1   that their pleading now meets Rule 8 because it now explains how the late fee provision

2   was illegal.  Id. at 9 (citing TAC ¶ 11).  Plaintiffs now allege that defendant has a large

3   "market footprint," which they interpret as plausibly establishing defendant "was a huge

4   player in this market with (no doubt) sophisticated legal advisors and auditors" such that

5   they should have known the fees were illegal.  Id. at 10–11.

6          The court declines to revisit its finding regarding the economic loss rule's

7   application to plaintiffs' negligent misrepresentation claim.  Despite plaintiffs' new

8   allegations, the TAC still fails to state a claim under both Rule 9(b) and Rule 8.

9                  **a.      Whether Rule 9(b) Applies to Negligent Misrepresentation**

10                         **Claims**

11         In their opposition, plaintiffs contend that the Ninth Circuit has yet to determine

12   whether Rule 9(b) or Rule 8 applies to a negligent misrepresentation claim.  Id. at 8.

13   While plaintiffs cite no authority for this proposition, they are nonetheless correct that no

14   controlling authority requires application of Rule 9(b) to negligent misrepresentation

15   claims.  "The Ninth Circuit has not yet decided whether Rule 9(b)'s heightened pleading

16   standard applies to a claim for negligent misrepresentation, but most district courts in

17   California hold that it does."  Villegas v. Wells Fargo Bank, N.A., 2012 WL 4097747, at *7

18   (N.D. Cal. Sept. 17, 2012) (citations omitted).  While some district courts in this circuit

19   have concluded that Rule 9(b) does not apply to negligent misrepresentation claims,

20   Petersen v. Allstate Indem. Co., 281 F.R.D. 413 (C.D. Cal. 2012); see also Bernstein v.

21   Vocus, Inc., 2014 WL 3673307, at *5 (N.D. Cal. July 23, 2014), other courts continue to

22   apply Rule 9(b) to negligent misrepresentation claims, Gilmore v. Wells Fargo Bank N.A.,

23   75 F. Supp. 3d 1255, 1270 (N.D. Cal. 2014) ("The Court agrees with the line of cases that

24   hold that negligent misrepresentation is a species of fraud, and, hence, must be plead in

25   accordance with Rule 9(b)."); see also Microsoft Corp. v. Hon Hai Precision Indus. Co.,

26   2020 WL 5128629, at *10 (N.D. Cal. Aug. 31, 2020).  Also persuasive, two unpublished

27   Ninth Circuit opinions have affirmed a district court's dismissal of negligent

28   misrepresentation claims for failing to plead the circumstances surrounding the alleged

1    misrepresentation with particularity.  Vidor v. Am. Int'l Group, Inc., 491 Fed. App'x 828,

2    829 (9th Cir. 2012); Kelley v. Rambus, Inc., 384 Fed. App'x 570, 573 (9th Cir. 2010).

3           The district court in U.S. Capital Partners, LLC v. AHMSA International, Inc., 2013

4    WL 594285, at *3–4 (N.D. Cal. Feb. 14, 2013), explained why district courts arrive at

5    different conclusions with regard to negligent misrepresentation.  The court reasoned that

6    opinions applying Rule 9(b) to negligent misrepresentation claims involved instances

7    where the negligence claim was grounded in fraud.  Id. at *3 (citing, e.g., Rankine v.

8    Roller Bearing Co. of Am., Inc., 2013 WL 55802, at *4 (S.D. Cal. Jan. 2, 2013)).

9    Conversely, where a claim is not based in fraud and involves simple negligence, then it

10   would be in error to apply Rule 9(b)'s heightened pleading requirements.  Id. at *4 (citing

11   Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003)).

12          A brief review of the allegations in the TAC confirms why, in this case, plaintiffs'

13   negligent misrepresentation claim sounds in fraud and application of Rule 9(b) is

14   warranted.  Each iteration of plaintiffs' complaint alleges both a claim for fraud and a

15   claim for negligent misrepresentation under a similar theory: either defendant knew or

16   should have known that the release fees and late fees were illegal.  TAC ¶¶ 31, 33.  The

17   underlying conduct for the two claims are the same, (id. ¶¶ 30, 32), and both claims

18   involve alleged false statements "with the intention of deceiving Najarian," (id. ¶¶ 31, 33).

19   Accordingly, plaintiffs' negligent misrepresentation claim must meet Rule 9(b)'s pleading

20   requirements.  Further, even if the court applies Rule 8's less stringent pleading

21   requirements, the TAC still fails to state a claim.

22                    **b.      Whether Plaintiffs State a Claim**

23          As was the case in the second amended complaint, the TAC fails to state a claim

24   for negligent misrepresentation.  Plaintiffs have not alleged any new factual allegations

25   regarding statements by defendant's employee.  Rather, the new allegations in the TAC

26   describe legal contentions by plaintiffs explaining why the late fees in the loan documents

27   constituted an illegal and unenforceable penalty.  See TAC ¶ 11.  The claim fails for two

28   reasons.

10

1    First, because plaintiffs adduce no new factual allegations regarding specific

2    statements by defendant's representatives, the TAC does not cure the deficiencies noted

3    in the court's prior order.  The prior order reasoned that plaintiffs' assertions regarding

4    California Civil Code § 1671 were legal conclusions but there was no factual allegation

5    that defendant knew or should have known the fees were illegal.  Dkt. 38 at 15.  The

6    court's reasoning derived from the fact that whether a liquidated damages clause is

7    unreasonable and unenforceable under section 1671(b) requires an inquiry into whether

8    "it bears no reasonable relationship to the range of actual damages that the parties could

9    have anticipated would flow from a breach."  Greentree Fin. Grp., Inc. v. Execute Sports,

10   Inc., 163 Cal. App. 4th 495, 499 (Ct. App. 2008) (quoting Ridgley v. Topa Thrift & Loan

11   Ass'n, 17 Cal. 4th 970, 977 (1998)).

12   Plaintiffs' new allegations are not factual in nature and instead seek to establish,

13   as a legal matter, why the late fee provision in the loan documents was unreasonable at

14   the time each contract at issue was entered into by the parties.  TAC ¶ 11.  Plaintiffs

15   allege that defendant "knows that the late fee provision included in the Loan Documents

16   was not the result of a reasonable endeavor by the parties to estimate a fair average

17   compensation for any loss that might be sustained as a consequence of a late payment

18   because Defendant knows that the provision was not negotiated by the parties."  Id. ¶ 17.

19   They also allege that defendant is a sophisticated real estate lender that closed over $2.8

20   billion in loans on over 20,000 in properties since its inception until mid-2017.  Id. ¶ 16.

21   The statements by Casper do not have any connection to whether or not the late

22   fee provision was the result of a reasonable endeavor between the parties or whether the

23   provision was negotiated by the parties.  Rather, as plaintiffs point out, they were "efforts

24   to coerce Najarian into signing a new loan agreement using the threat and imposition of

25   illegal penalties."  Id. ¶ 13.  Similarly, while plaintiffs establish defendant is a

26   sophisticated entity that has entered into loans for over 20,000 properties from its

27   inception until mid-2017, that fact does not cure plaintiffs' legal conclusion that the late

28   fee was illegal.

United States District Court
Northern District of California

11

United States District Court
Northern District of California

1    Second, plaintiffs have not sufficiently alleged reliance on the purported

2    misrepresentations made by defendant's representative.  By failing to plausibly allege

3    facts establishing this element of a negligent misrepresentation claim, the TAC fails Rule

4    8's pleading requirement.  Plaintiffs' theory of negligent misrepresentation is that

5    defendant represented to plaintiffs that the release fees and late fees on outstanding

6    balances were due to defendant and would have to be paid in order to obtain releases of

7    defendant's liens on plaintiffs' properties.  Id. ¶ 33.

8    Yet, according to plaintiffs, the statements made by Casper were meant to "coerce

9    Najarian into signing a new loan agreement using the threat and imposition of illegal

10   penalties."  Id. ¶ 13 (emphasis added).  Indeed, the statements by Casper relate to

11   signing a new extension agreement: "As you will recall, we had encouraged you to

12   execute the extension agreement in December, this would have only cost you [sic] $11K.

13   The late fees, per the loan agreement, are calculated on any past due amounts, interest

14   and/or principal."  Id.  A few weeks later, Casper wrote: "We will do an extension for .5%

15   for 30 days on the 4 assets.  This will prevent you from having to pay 5% on the principal

16   and interest, saving you over $20,000!!"  Id. ¶ 14.  Thus, while plaintiffs might allege

17   reliance on Casper's statements with regard to signing a new extension agreement using

18   the threat of illegal penalties, there is no discussion from Casper about paying release

19   fees and late fees to obtain releases of defendant's liens on plaintiffs' properties.

20   Plaintiffs have not alleged sufficient factual allegations to state a claim.  The fact

21   that plaintiffs have not identified any new factual allegations in the TAC compared to the

22   second amended complaint demonstrates that further amendment would be futile.

23   For the foregoing reasons, defendant's motion to dismiss plaintiffs' fourth claim for

24   negligent misrepresentation is GRANTED and the claim is DISMISSED WITH

25   PREJUDICE.

26        **3.      Fifth Claim: Unfair Competition**

27   Plaintiffs' fifth cause of action is for a violation of California's unfair competition law

28   ("UCL").  TAC ¶ 35.  The UCL creates a cause of action for business practices that are

12

1   (1) unlawful, (2) unfair, or (3) fraudulent.  Cal. Bus. & Prof. Code § 17200.  "Each prong of

2   the UCL [provides] a separate and distinct theory of liability."  Lozano v. AT & T Wireless

3   Servs., Inc., 504 F.3d 718, 731 (9th Cir. 2007) (citation omitted).  "The UCL limits the

4   remedies available for UCL violations to restitution and injunctive relief . . . ."  Madrid v.

5   Perot Sys. Corp., 130 Cal. App. 4th 440, 452 (Ct. App. 2005).

> Restitution under [Business and Professions Code] section 17203 is confined to restoration of any interest in money or property, real or personal, which may have been acquired by means of such unfair competition.  A restitution order against a defendant thus requires both that money or property have been lost by a plaintiff, on the one hand, and that it have been acquired by a defendant, on the other.  [C]ompensatory damages are not recoverable as restitution.

11  Zhang v. Superior Ct., 57 Cal. 4th 364, 371 (2013) (alterations in original) (internal

12  quotation marks and citations omitted).

13          Defendant asserts that plaintiffs' purported restitutionary remedy is identical to

14  their breach of contract claim.  Mtn. at 18.  According to defendant, plaintiffs' TAC and

15  prior pleadings confirm that they are seeking restitution only in the event they are not

16  afforded complete relief on their legal claims.  Id. (citing TAC ¶ 35).  Defendant also

17  argues because plaintiffs receive bona fide mortgage products and services from CAF

18  Lending, any purported restitution would constitute impermissible nonrestitutionary

19  disgorgement.  Id. at 19.

20          Plaintiffs contend that the TAC now alleges specific money or property that

21  defendant acquired from plaintiffs.  Opp. at 11.  They argue that each release fee and

22  late fee paid to defendant was money that was paid to defendant either directly by a

23  Najarian entity or indirectly by a closing escrow account.  Id. at 12.  Plaintiffs

24  acknowledge that if they prevail on their breach of contract claim, they will not also

25  recover restitution on a UCL claim for those same late fees and release fees.  Id.

26  Instead, they assert that they are entitled to plead alternative claims and theories of

27  recovery.  Id.

28          In its prior order, the court determined that because the UCL limits remedies to

13

1   restitution and injunctive relief and further that plaintiffs were seeking damages under the

2   UCL, they could not state a claim.  Dkt. 38 at 17–18.  As a general matter, a plaintiff may

3   plead alternative claims and theories of relief.  Fed. R. Civ. P. 8(a)(3), (d)(2)–(3).  Under

4   California law, however, a UCL claim does not lie where the plaintiff seeks compensatory

5   damages.  By arguing that restitution would also provide the measure of damages under

6   a legal claim, plaintiffs implicitly concede that their UCL claim seeks the same remedy as

7   their breach of contract claim.  The TAC confirms that the conduct in question relates to a

8   breach of contract, alleging that defendant insisted that the late fees "be incorporated into

9   the parties' agreement" and "Defendant asserted a contractual right to payment of

10  release fees that Defendant did not have . . . ."  TAC ¶ 35.

11          Cortez v. Purolator Air Filtration Products, 23 Cal. 4th 163 (2000), cited by

12  plaintiffs, is helpful in understanding the relationship between compensatory damages

13  and restitution.  There, the California Supreme Court addressed whether unlawfully

14  withheld wages could be recovered under the UCL as a form of restitution.  Id. at 173.

15  The court cited the rule that "damages are not available under section 17203."  Id.

16  (quoting Dean Witter Reynolds, Inc. v. Superior Ct., 211 Cal. App. 3d 758, 774 (Ct. App.

17  1989)).  As plaintiffs point out, the court then noted that in some cases the concept of

18  damages can overlap with "a restitutionary element" such that an award of damages

19  "includes an element of restitution—the return of the excess of what the plaintiff gave the

20  defendant over the value of what the plaintiff received.  To that extent the award of

21  damages literally includes restitution."  Id. at 174.

22          Plaintiffs draw the wrong conclusion from this statement.  They argue that the fact

23  that money acquired by defendant from plaintiffs might be the basis of an award of either

24  compensatory damages or restitution does not render plaintiffs' UCL claim dismissible.

25  Opp. at 13.  As Cortez explains, compensatory damages may have an element of

26  restitution but does not mean that a plaintiff can plead both damages and restitution.

27  This case illustrates why this is true.  If plaintiffs prevail on their breach of contract claim,

28  then they would receive compensatory damages based on the funds they paid to

1  defendant.  In that sense, a compensatory damages award is restitutionary in nature.  But

2  this does not mean that a restitution order is also available under the UCL, where

3  compensatory damages are sufficient.

4  For the foregoing reasons, defendant's motion to dismiss plaintiffs' fifth claim for

5  unfair competition is GRANTED and the claim is DISMISSED WITH PREJUDICE.

6  **4.      Defendant's Motion to Strike**

7  Defendant moves to strike portions of plaintiffs' TAC that reassert the same

8  conduct that the court dismissed with prejudice in its prior order.  Mtn. at 21.  Defendant

9  contends that the allegations in the TAC regarding plaintiffs' second claim for breach of

10  implied covenant claim are identical to the allegations in the second amended complaint.

11  Id.  Plaintiffs respond that they were uncertain how to interpret the court's prior order and

12  seek to preserve the opportunity to appeal the court's finding.  Opp. at 14.

13  In its prior order, the court granted in part defendant's motion and dismissed with

14  prejudice plaintiffs' second cause of action for breach of the implied covenant of good

15  faith and fair dealing to the extent such conduct was identical to plaintiffs' breach of

16  contract claim.  Dkt. 38 at 9–10.  The court also denied in part defendant's motion to

17  dismiss to the extent plaintiffs' allegations related to payoff statements.  Id.

18  Plaintiffs profess uncertainty whether they need to replead their dismissed claim in

19  order to preserve it for appeal.  The Ninth Circuit does not require plaintiffs to replead

20  claims that were dismissed with prejudice in an amended complaint in order to preserve

21  them for appeal.  Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012) (en banc)

22  ("For claims dismissed with prejudice and without leave to amend, we will not require that

23  they be repled in a subsequent amended complaint to preserve them for appeal.").

24  The prejudice to defendant stemming from plaintiffs mistakenly repleading portions

25  of their dismissed allegations is minimal.  The portions of the claim dismissed by the court

26  remain dismissed with prejudice and CoreVest is not in fact forced to keep bringing the

27  same motion to dismiss regarding plaintiffs' implied covenant claim.

28  "Motions to strike are generally disfavored and 'should not be granted unless the

United States District Court
Northern District of California

1    matter to be stricken clearly could have no possible bearing on the subject of the

2    litigation' or 'unless prejudice would result to the moving party from denial of the motion.'"

3    Snap! Mobile, Inc. v. Croghan, 2019 WL 884177, at *3 (N.D. Cal. Feb. 22, 2019) (quoting

4    Platte Anchor Bolt, Inc. v. IHI, Inc., 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).  "If

5    there is any doubt whether the portion to be stricken might bear on an issue in the

6    litigation, the court should deny the motion."  Id. (quoting Platte Anchor Bolt, 352 F. Supp.

7    2d at 1057).  At this early stage in the litigation it is not clear whether the portion to be

8    stricken might bear on a later issue.

9            For the foregoing reasons, defendant's motion to strike is DENIED.

10           **5.      Plaintiffs' Motion to Strike**

11           Plaintiffs move to strike portions of the motion to dismiss because defendant's

12   arguments purportedly seek reconsideration of arguments previously made but defendant

13   failed to seek leave for such reconsideration.  Dkt. 50 at 6.  These arguments include

14   whether the economic loss rule bars plaintiffs' negligent misrepresentation claim and

15   whether plaintiffs plead reasonable reliance in support of the misrepresentation claim.  Id.

16   Plaintiffs also argue that defendant's motion to dismiss raises novel arguments that were

17   not proffered in its first motion to dismiss.  Id.

18           Defendant responds that it is not seeking reconsideration of the court's prior order

19   expressly declined to resolve a perceived split in authority regarding economic loss

20   doctrine and instead dismissed plaintiffs' claims under Rule 9(b).  Dkt. 53 at 4.

21   Defendant advances the same argument with regard to reasonable reliance; the court did

22   not address reasonable reliance.  Id. at 5.  Defendant further argues that its prior motion

23   to dismiss expressly challenged plaintiffs' UCL claim on the ground that it improperly

24   seeks damages.  Id. at 6.

25           Plaintiffs' motion to strike is illustrative of why such motions are disfavored.  First,

26   defendant's motion to dismiss is not seeking reconsideration of a previous ruling.  The

27   court's prior order which expressly declined to resolve whether the economic loss rule

28   applied to plaintiffs' negligent misrepresentation claim.  Dkt. 38 at 13.  The court also

United States District Court
Northern District of California

16

1    determined that plaintiffs' negligent misrepresentation claim failed to satisfy Rule 9(b) and

2    did not address reasonable reliance.  Id. at 15.

3        With regard to the purported novel arguments raised by defendant, plaintiffs'

4    motion fails.  Rule 12(g)(2) generally prohibits a party that makes Rule 12 motion from

5    making another motion raising a defense or objection that was available to the party but

6    omitted from its earlier motion.  Fed. R. Civ. P. 12(g)(2).  See Hernandez v. City of San

7    Jose, 241 F. Supp. 3d 959, 984 (N.D. Cal. 2017), aff'd in part, dismissed in part, 897 F.3d

8    1125 (9th Cir. 2018) ("[U]nder Rule 12(g)(2) and Rule 12(h)(2), a party that seeks to

9    assert a defense pertaining to a failure to state a claim that was available but omitted

10   from an earlier Rule 12 motion can only do so in a pleading, a Rule 12(c) motion, or at

11   trial.").

12       Here, defendant's current motion to dismiss argues that any attempt to seek

13   restitution would constitute impermissible nonrestitutionary disgorgement.  Mtn. at 19.

14   Defendant raised an argument in its first motion to dismiss that money damages are

15   unavailable under the UCL.  Dkt. 26 at 17.  Therefore, defendant did not omit a defense

16   that was available to it previously.

17       For the foregoing reasons, plaintiffs' motion to strike is DENIED.

18                                    **CONCLUSION**

19       For the foregoing reasons, defendant's motion to dismiss plaintiffs' third cause of

20   action for fraud is GRANTED, and the claim is DISMISSED WITH PREJUDICE;

21   defendant's motion to dismiss plaintiffs' fourth cause of action for negligent

22   misrepresentation is GRANTED, and the claim is DISMISSED WITH PREJUDICE;

23   defendant's motion to dismiss plaintiffs' fifth cause of action for unfair competition is

24   GRANTED, and the claim is DISMISSED WITH PREJUDICE.  The court further DENIES

25   both defendant's and plaintiffs' motions to strike.

26   / / /

27   / / /

28   / / /

United States District Court
Northern District of California

1  Accordingly, the case will proceed on plaintiffs' first claim for breach of contract and

2  second claim for breach of the covenant of good faith and fair dealing to the extent the

3  claim is not duplicative of plaintiffs' first claim.

4  **IT IS SO ORDERED.**

5  Dated: October 9, 2020

6  /s/ Phyllis J. Hamilton

7  PHYLLIS J. HAMILTON
   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

18