UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAJARIAN HOLDINGS LLC, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>COREVEST AMERICAN FINANCE LENDER LLC,<br><br>　　　　Defendant. | Case No. 20-cv-00799-PJH<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 68 |

Before the court is a joint discovery letter brief, submitted in conformance with this court's standing order, regarding a dispute among the parties concerning plaintiffs' production of documents. Defendant asks the court to compel plaintiff to produce all documents responsive to its requests, and to produce documents in a reasonably usable form. Plaintiffs resist, contesting that they have reasonably complied with their burden of production.

**I.    Relevant Background**

On July 29, 2020, CoreVest propounded its first set of document requests to plaintiffs. Though plaintiffs produced documents in response to those requests (at least 22 emails were sent without corresponding attachments by defendant's count), plaintiffs failed to produce attachments to numerous e-mail communications, and plaintiffs had not produced documents in a "reasonably usable" form as required by Rule 34(b)(2)(E) of the Federal Rules of Civil Procedure. The format of plaintiffs' production made accurate electronic searching of those documents difficult and unreliable.

The parties met and conferred about this issue in March 2021, in May 2021, and

twice in June 2021, but defendant reports that the production of documents still has not been remedied. As noted by defendant, the close of fact discovery is August 16, 2021.

## II. Legal Standard

Rule 34(b)(2)(E)(i) requires that, unless otherwise stipulated or ordered by the court, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i); see also City of Colton v. American Promotional Events, Inc., 277 F.R.D. 583, 585 (C.D. Cal. 2011) ("[I]t is clear that parties are entitled under the Federal Rules to rationally organized productions so that they may readily identify documents, including ESI, that are responsive to their production requests.").

## III. Discussion

Based on the parties' representations, plaintiffs have not provided the ESI in a reasonably usable form, as required by Rule 34(b)(2)(E)(ii). In contrast to plaintiffs' argument, it is not unreasonable to expect production of emails and attachments in such a way as to identify which attachments correspond to which email messages. Plaintiffs make no argument regarding the burden or expense of producing documents in a searchable form. Nor do they note their efforts to ensure production of email attachments additionally responsive to defendant's request.

## IV. Conclusion

For the reasons stated above, the court ORDERS plaintiffs to cure the problems with their previous productions by re-producing all of their documents by 11:59 PM on August 13, 2021.[1] Plaintiffs must re-produce all e-mail communications and all attachments thereto, and they must do so as families—i.e., with the attachments following the e-mails so that defendant can ascertain which e-mail a particular document was attached to. Plaintiffs must re-produce all electronically stored information as digital files, in a reasonably usable manner and in a manner that retains any available metadata.

---

[1] If such production has already been completed, as suggested in plaintiffs' portion of the letter brief, this task should be readily accomplished.

**IT IS SO ORDERED.**

Dated: August 2, 2021

              */s/ Phyllis J. Hamilton*
              PHYLLIS J. HAMILTON
              United States District Judge